# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JABBAR MUHAMMAD ALI WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-136 |
| | ) | CV419-137 |
| IAN HEAP, et al., | ) | CV419-138 |
| | ) | CV419-145 |
| Defendants. | ) | CV419-146 |
| | ) | CV419-147 |
| | ) | |

## ORDER

On April 19, 2019, this Court recommended the dismissal of a complaint filed by plaintiff against multiple defendants because he failed to comply with a Court order and failed to update his address with the Court. CV419-061, doc. 5. That recommendation was adopted by the assigned District Judge on May 10, 2019 when plaintiff failed to file objections. *Id.*, doc. 7. Plaintiff has since filed a series of cases alleging factually similar circumstances against several of the defendants in the previous cases. He has also filed a motion to proceed *in forma pauperis* in each of these cases. These applications, however, do not contain sufficient indicia of indigency. Plaintiff acknowledges that he is employed, but inconsistently reports his income as $500 weekly (CV419-

136, doc. 2); and $1500 weekly (CV419-145, doc. 2)). He variously claims no living expenses (CV419-136, doc. 2); and expenses totaling $1850 per month (CV419-145, doc. 2). He indicates that he has debts and financial obligations to Memorial Hospital, Candler Hospital, and Curtis V. Cooper (*see e.g.,* CV419-146, doc. 2 at 2) but does not indicate the amount of those debts or whether he is on any payment schedule. He also inconsistently claims no other income and some other income. *Compare* CV491-145 with CV419-147.

Wary of indigency claims where information appears inconsistent or incomplete, and cognizant of how easily one may consume a public resource with no financial skin in the game,[1] this Court demands

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), *cited in In re Zow*, 2013 WL 1405533 at *2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee); *Swain v. Colorado Tech. Univ.*, 2014 WL 3012730 at *1 n. 1 (S.D. Ga. May 14, 2014).

supplemental information from dubious IFP movants. *See, e.g., Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345 (S.D. Ga. 2013); *Robbins v. Universal Music Grp.*, 2013 WL 1146865 at *1 (S.D. Ga. Mar.19, 2013).[2]

To that end, it tolerates no lies. *Ross v. Fogam*, 2011 WL 2516221 at *1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of North America, LLC*, 2013 WL 842515 (11th Cir. Mar. 6, 2013) ("Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings

---

[2] *See also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Mullins v. Barnhart*, 2010 WL 1643581 at *1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds).

3

in the district court.").[3]  Plaintiff's applications for IFP status omit material details and conflict with each other.  He therefore must disclose[4]

---

[3] Furthermore, liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

[4] Three important points must be underscored here:

> First, proceeding [IFP] in a civil case is a *privilege* or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an [IFP] application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir.2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny in [IFP] s status under 28 U.S.C. § 1915 is discretionary).

*Lafontaine v. Tobin*, 2013 WL 4048571 at *1 (N.D. Iowa Aug. 9, 2013) (emphasis added); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

  *Lafontaine* also extended to non-prisoner IFP movants a pay-to-play, installment payment plan analogous to what Congress imposed upon prisoners under its Prison Litigation Reform Act (PLRA), which is expressed in statutory provisions like § 1915 (a)(1), (b)(1)(2). *Lafontaine*, 2013 WL 4048571 at *2; *see also Kelner v. Harvin*, 2010 WL 2817262 at *1 n. 5 (D. Kan. July 16, 2010) (It has been held that the exhaustion, full/initial partial payment, and three-strikes provisions of the current [IFP] statutes do not apply to [IFP] litigants who are not prisoners. Nevertheless, several courts including the Tenth Circuit have applied this subsection which does not refer to prisoners, to suits brought by non prisoners.").  The Court is considering likewise here, since cost-free litigation too easily enables recreational, if not nuisance, litigation.  That further necessitates more detailed financial data from the plaintiff.

the following information within 14 days from the date of this Order:

(1) The value of the income he received in business, profession, or other self-employment, rent payments, interest, or dividends;

(2) What he spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive;

(3) Whether he possesses a cellular telephone and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

(4) Whether he has any credit or debit cards;

(5) Whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(6) Whether he anticipates any (within the next year) future income;

(7) A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

Providing this information will better illuminate Plaintiff's true financial condition. In that regard, he must again declare the facts he pleads to be true, and sign his name to that declaration -- under penalty of perjury. If he does not use a preprinted IFP form to respond (hence, if he uses a blank sheet of paper), he must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1). The Clerk is **DIRECTED** to serve with this Order a blank IFP form for Plaintiff's convenience. Failure to comply with this directive will result in a recommendation of dismissal on IFP-deficiency grounds alone. *Kareem v. Home Source Rental*, 2014 WL 24347 at \*1 (S.D. Ga. Jan. 2, 2014).

Since the deficiencies described above apply to all of Williams' IFP applications, he must supplement all of them. Rather than file separate documents in each of his cases, Williams is **DIRECTED** to file a single document disclosing the requested information listing the numbers of each case he wishes to pursue IFP. The Court will construe his failure to include any of his pending cases as a voluntary dismissal of the omitted case. The Clerk is **DIRECTED** to enter that document in each of Williams' listed cases. The Court will then determine his eligibility to proceed *in forma pauperis*.

**SO ORDERED,** this 5th day of August, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA